IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Racquel Smith,** *on behalf of herself and all others similarly situated,*<br><br>    **Plaintiff,**<br><br>v.<br><br>**W.M. Barr & Company, Inc.,**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>) **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

    **COMES NOW** Plaintiff Racquel Smith (hereinafter, "Plaintiff" or "Ms. Smith"), on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against Defendant W.M. Barr & Company, Inc. (hereinafter, "Defendant" or "Barr") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action, on behalf of herself and all others similarly situated, against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Plaintiff is a former employee of Defendant and alleges that Defendant failed and refused to pay the statutorily required overtime premium for all hours worked over forty in a designated workweek.

4. Defendant's payroll policies and practices were and are in direct violation of FLSA, 29 U.S.C. § 201, *et seq*.

5. For said violations, Plaintiff seeks, on behalf of herself and all others similarly situated, declaratory relief; compensation for work hours for which Plaintiff was unpaid or underpaid, including overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Racquel Smith is an adult resident of West Memphis, Arkansas.

7. Plaintiff and prospective members of the collective are those current and former non-exempt employees of Defendant who were not paid overtime premiums for hours worked over forty in a workweek.

8. Defendant W.M. Barr & Company, Inc. is a Tennessee-based corporation, and may be reached for service through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10. Defendant is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial

Doc ID: 06061a10c0dbf3fc1f51b3d59a4d519d94fea897

part of the events giving rise to Plaintiff' claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

12. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees who were or are employed by Defendant for the period of three years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

13. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because her claims are similar to collective action members or putative collective action members.

14. Plaintiff, collective action members, and putative collective action members are similarly situated because they worked as non-exempt employees for Defendant and were subject to Defendant's common practice, policy, or plan of failing to pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

15. Plaintiff Racquel Smith worked for Defendant as a Machine Operator from May 15, 2017 to September 23, 2022.

16. Ms. Smith worked on a rotating schedule under which she would work five 12-hour shifts one week and two 12-hour shifts the next.

17. Accordingly, she would typically work 60 hours one week and 24 hours the next.

18. Consequently, she typically worked 20 hours of overtime every two weeks.

19. Defendant compensated Ms. Smith at an hourly rate of $23.00 per hour, paid bi-weekly.

Doc ID: 06061a10c0dbf3fc1f51b3d59a4d519d94fea897

20. Defendant did not pay Ms. Smith an overtime premium for the hours worked in excess of forty hours per week, but rather paid her the straight time rate of $23 for all hours worked regardless of their number.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

22. At all relevant times, Plaintiff and those similarly situated to her were employees of Defendant.

23. At all relevant times, Defendant was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24. Upon information and belief, at all relevant times, Defendant had gross operating revenues in excess of $500,000.000.

25. At all relevant times, Defendant "employed" Plaintiff and employees similarly situated to her within the meaning of the FLSA, 29 U.S.C. § 203 (e)-(g).

26. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

27. At all relevant times, Plaintiff and similarly-situated employees were non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

28. At all relevant times, Plaintiff and similarly-situated employees were entitled to an overtime premium at a rate of not less than one and one-half their regular rate of pay for work performed in excess of forty hours in a work week.

29. Defendant willfully failed and refused to pay Plaintiff and similarly-situated employees an overtime premium for all hours worked over forty in any given workweek.

Doc ID: 06061a10c0dbf3fc1f51b3d59a4d519d94fea897

30. As a result of Defendant's failure to compensate Plaintiff and similarly-situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant have violated the FLSA, 29 U.S.C. § 207(a)(1).

31. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Racquel Smith, on behalf of herself and employees similarly situated to her, prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of Plaintiff Racquel Smith as Representative Plaintiff of the collective in this FLSA representative action.

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: 06061a10c0dbf3fc1f51b3d59a4d519d94fea897

        Respectfully submitted,

        <u>s/Philip Oliphant</u>
        Alan G. Crone, TN Bar No. 014285
        Philip Oliphant, TN Bar No. 025990
        THE CRONE LAW FIRM, PLC
        88 Union Avenue, 14th Floor
        Memphis, TN 38103
        800.403.7868 (voice)
        901.737.7740 (voice)
        901.474.7926 (fax)
        acrone@cronelawfirmplc.com
        poliphant@cronelawfirmplc.com

        *Attorneys for Plaintiff*

Doc ID: 06061a10c0dbf3fc1f51b3d59a4d519d94fea897

## **DECLARATION AND VERIFICATION**

      I, Racquel Smith, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*/s/ Racquel Smith*
_____
Racquel Smith

Date: 10 / 20 / 2022

Doc ID: 06061a10c0dbf3fc1f51b3d59a4d519d94fea897



Audit Trail

| | |
|---|---|
| **TITLE** | Racquel Smith Complaint |
| **FILE NAME** | Smith - COLLECTIVE Complaint 102022.pdf |
| **DOCUMENT ID** | 06061a10c0dbf3fc1f51b3d59a4d519d94fea897 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

Document History

**SENT**
**10 / 20 / 2022**
14:22:23 UTC-5

Sent for signature to Racquel Smith (racquelsmith3@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**
**10 / 20 / 2022**
15:16:00 UTC-5

Viewed by Racquel Smith (racquelsmith3@gmail.com)
IP: 69.246.0.156

**SIGNED**
**10 / 20 / 2022**
15:23:23 UTC-5

Signed by Racquel Smith (racquelsmith3@gmail.com)
IP: 69.246.0.156

**COMPLETED**
**10 / 20 / 2022**
15:23:23 UTC-5

The document has been completed.